IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN M. CASEY,
    Plaintiff,

vs.                              Case No.:  5:14cv275/RS/EMT

CORIZON HEALTH SERVICES, et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on October 22, 2014 (doc. 1).[1]  He also filed a motion for leave to proceed in forma pauperis ("IFP") (doc. 2).

    Title 28 U.S.C. § 1915(g), the "three strikes" provision of the Prison Litigation Reform Act, prohibits a prisoner from proceeding IFP under certain circumstances.  That provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

    A prisoner who is no longer entitled to proceed IFP must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to

---

[1] Plaintiff did not file his complaint through the institutional mail system (*see* doc. 1 at 18, 19); therefore, his complaint is deemed filed on the date it was received by the clerk of court.

proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception is if the prisoner is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff's status as a "three striker" has been recognized by this court.  *See* Casey v. Crews, No. 5:14cv190/WS/GRJ, Order Adopting the Magistrate Judge's Report and Recommendation (N.D. Fla. Sept. 25, 2014); Casey v. GEO Corp., No. 4:14cv151/MW/CAS, Order Accepting Report and Recommendation (N.D. Fla. Apr. 7, 2014).  Indeed, Plaintiff admits in his complaint that he is a "three striker" (*see* doc. 1 at 10–11).[2]  Therefore, Plaintiff may not proceed IFP in the instant case, unless he qualifies under the "imminent danger of serious physical injury" exception of § 1915(g).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis.  According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true.  *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception.  *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff alleges he has been permanently assigned to Protective Management custody status, and is currently housed at the Northwest Florida Reception Center Annex ("NWFRC Annex") (doc. 1 at 12).[3] His complaint concerns events that occurred over a one month period at NWFRC Annex (*id.* at 12–16). Plaintiff alleges "upon information and belief," inmates with gang affiliations have targeted him by placing contaminants (chewing tobacco and bugs) in his food (*id.* at 12). He alleges he complained to Defendants Sergeant Paragon, Sergeant Phipps, Sergeant Baker, and Sergeant Whitener, but the officers took no action to correct the problem (*id.* at 13). Plaintiff additionally alleges he suffers from chronic Hepatitis C (*id.*). He alleges a physician at a prior institution ordered vaccinations for Hepatitis A and B as routine treatment for Hepatitis C to prevent him from contracting viruses, but he did not receive the vaccinations (*id.*). He alleges he requested the vaccinations from Defendant Dr. Ladele, an employee of Defendant Corizon Health Services, but Dr. Ladele refused to order the vaccinations because Plaintiff's medical file indicated he had previously refused the vaccinations (*id.*). Plaintiff alleges Dr. Ladele told him that he would not order the vaccinations unless Plaintiff actually became infected with the viruses (*id.*). Plaintiff alleges the inaction of the correctional officers and Dr. Ladele caused him to lose weight, because he would not eat the food on his trays out of fear of contracting viruses (*id.* at 14).

Plaintiff additionally alleges that on August 19, 2014, he complained to Defendant Nurse Garnes about the situation with food service and Dr. Ladele, and she slapped him while he was

---

[3] Protective Management is "a special management status for the protection of inmates from other inmates in an environment as representative of that of the general population as is safely possible." *See* Fla. Admin. Code R. 33-602.221(1)(j) (2014).

Case No.: 5:14cv275/RS/EMT

handcuffed (doc. 1 at 14). Plaintiff alleges Defendant Sergeant Whitener was present, and threatened him with death unless he stopped complaining about Dr. Ladele and food service (*id.*). Plaintiff alleges the physical and mental abuse caused him to be placed on "suicide watch" for two days (*id.*).

Plaintiff alleges after he was removed from suicide watch on August 21, 2014, officers placed him on property restriction, told him to "shut up," and deliberately interrupted his sleep (doc. 1 at 14). He alleges on August 23, 2014, an officer refused to feed him breakfast and slammed his hand in the food flap of his cell, telling Plaintiff to stop complaining about Dr. Ladele (*id.*). He alleges the next day, Defendants Officer Davis and Captain Marsceill falsely documented he was engaging in disruptive behavior and subjected him to one application of chemical agents in retaliation for his complaints (*id.* at 15–16). Plaintiff alleges on September 11, 2014, he complained to the Inspector General's Office, and when "D.O.C. employees" learned of his complaint, he received death threats and threats of placement in close management, false disciplinary reports, and "future assaults by other inmates at any institution the Plaintiff may be placed." (*id.* at 16).

Plaintiff claims Defendants' conduct violates his First, Eighth, and Fourteenth Amendment rights (doc. 1 at 16–17). He states he cannot exhaust administrative remedies because he is in "imminent danger of retaliation" (*id.* at 17). He also states he is in "imminent danger" of contracting Hepatitis A and B due to the suspected contamination of his food and failure to receive vaccinations (*id.*). Plaintiff seeks compensatory and punitive damages (*id.* at 18). He also seeks preliminary injunctive relief requiring Defendants to do following: (1) provide Hepatitis A and B vaccinations, (2) place covers over the dining room windows so inmates working in the kitchen cannot observe protective management inmates receiving their food trays, (3) place an officer at the food serving window which separates the dining and kitchen areas, (4) cease threatening or intimidating him in any form, (5) cease applying chemical agents to him unless the alleged disruptive behavior is audibly and visually recorded, (6) investigate Plaintiff's allegations, and (7) allow Plaintiff to seek administrative review of all claims asserted in his complaint (*id.* at 17). Plaintiff additionally seeks a permanent injunction requiring Defendants to audibly and visually record all dormitories and hallways in every FDOC institution (*id.* at 18).

Plaintiff's allegations concerning his risk of contracting a virus are insufficient to show he is under imminent danger of serious physical injury. His allegation of food contamination is based purely "upon information and belief," which is not a sufficiently reliable factual basis to show he is under imminent danger of serious physical injury. Further, in light of his own prior refusal to accept the Hepatitis A and B vaccinations, he cannot attribute to Defendants the risk that he may contract a virus. That Plaintiff would now accept the vaccinations is of no moment, as the mere risk of contracting a virus is insufficient to show that serious physical injury is real and proximate. Plaintiff's allegations that Nurse Garnes slapped him and Sergeant Whitener threatened him on August 19, 2014, which caused him to be placed on "suicide watch" for two days, do not suggest he was under imminent danger of serious physical injury when he filed his complaint on October 22, 2014. Likewise, his allegations that officers deprived him of his property and harassed him on August 21, 2014, and an officer deprived him of breakfast on August 23, 2014, are insufficient to show was under imminent danger two months later, when he filed his complaint. The same is true of Plaintiff's allegation that Defendants Davis and Marsceill subjected him to one application of chemical agents for no justifiable reason on August 24, 2014. Finally, Plaintiff's general allegations that after he filed a complaint with the Inspector General's Office on September 11, 2014, unidentified "D.O.C. employees" have threatened him with death, placement on a more restrictive custody status, false disciplinary reports, and "future assaults by other inmates at any institution the Plaintiff may be placed," are general and devoid of specific facts; therefore, they are not sufficient to invoke the imminent danger exception. *See* White, 157 F.3d at 1231.

Because Plaintiff's factual allegations do not suggest he is suffering ongoing serious physical injury, nor do they suggest a pattern of misconduct evidencing the likelihood of imminent serious physical injury, he does not qualify under the imminent danger exception to § 1915(g). Accordingly, he may not proceed IFP. A prisoner who is no longer entitled to proceed IFP must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *See* Dupree, 284 F.3d at 1236; Vanderberg, 259 F.3d at 1324.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **DENIED**.

Case No.: 5:14cv275/RS/EMT

And it is respectfully **RECOMMENDED**:

1. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

2. That the clerk enter judgment accordingly and close the file.

At Pensacola, Florida, this 31st day of October 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**